UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVEEN LNU,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-02187-DC-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the undersigned recommends that the petition be granted.

**BACKGROUND**

Petitioner initiated this action on March 19, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a citizen of India, is currently detained pending immigration removal proceedings, and has been detained since December 1, 2025.  *Id*. at ¶¶ 2, 4, 5; ECF No. 1-2 at 6.  He alleges he entered the United States on or about September 5, 2024, was encountered and apprehended by the Customs and Border Patrol (CBP) and was released on his own recognizance under 8 U.S.C. § 1226(a).  ECF No. 1 at ¶ 2; ECF No. 1-2 at 8-9.  He has no criminal history.  ECF No. 1 at ¶ 72.

He obtained an Employment Authorization Document and started working full time.  *Id*. at ¶ 61.  He filed an asylum application on April 3, 2025.  *Id*. at ¶ 60; ECF No. 1-2 at 11-18.  According to exhibits attached to the petition, petitioner was notified on April 4, 2025 that he was

1

scheduled for a hearing before the immigration court, to occur on April 6, 2028. ECF No. 1-2 at 20-21. Since petitioner has been placed in detention, an immigration judge has pretermitted his asylum application. ECF No. 1 at ¶ 4; *see also* ECF No. 1-2 at 19 (notice of February 10, 2026 immigration hearing; this was presumably the hearing at which the asylum application was pretermitted). Petitioner has timely appealed this decision to the Board of Immigration Appeals (BIA). ECF No. 1 at ¶ 4.

Petitioner has not received a bond hearing since being placed in detention. He argues that he is not subject to mandatory detention under § 1225. ECF No. 1 at ¶ 3.

On March 24, 2026, the court ordered respondents to answer. ECF No. 4.

Respondents timely filed a return on March 31, 2026. ECF No. 5. They do not dispute petitioner's factual allegations. *Id*. at 1-2. They maintain that petitioner's status is that of an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b) and as such he is not entitled to custody redetermination hearings or hearings before detention or re-detention. *Id*. at 4 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)).

Petitioner timely replied on April 1, 2026. ECF No. 6. He again asserts that § 1225 applies to his circumstances because he was released into the United States and later re-detained. *Id*. at 2. His position is that he is not an "applicant for admission" and is not subject to mandatory detention under § 1226. *Id*. He argues that a bond hearing is not an adequate remedy, and that his immediate release is the proper remedy. *Id*. at 4.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

////

////

**DISCUSSION**

Petitioner asserts four claims for relief:  (1) violation of his right to substantive due process under the Fifth Amendment; (2) violation of his right to procedural due process under the Fifth Amendment; (3) unlawful arrest under the Fourth Amendment;[1] and (4) violation of the Immigration and Nationality Act (INA), §§ 235 & 236, 8 U.S.C. §§ 1225 & 1226.  As relief, petitioner asks the court to issue a writ of habeas corpus ordering his immediate release, and to issue an injunction prohibiting respondents from re-detaining him while removal proceedings under INA Section 240, 8. U.S.C. § 1229a, are ongoing and unless re-detention is ordered at a custody hearing before a neutral arbiter where the government must prove by clear and convincing evidence that he is a flight risk or danger to the community.  ECF No. 1 at 20.

**A.  Merits of the Petition**

The court construes liberally the allegations of petitioner's pro se complaint. *See Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Zichko v. Idaho,* 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987).

**1.  Punitive Detention in Violation of Petitioner's Substantive Due Process Rights**

As a matter of substantive due process, a person detained under civil process cannot be subjected to conditions that "amount to punishment." *Bell v. Wolfish,* 441 U.S. 520, 536 (1979); *see also Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). This standard is met where the petitioner shows that the "challenged restrictions are expressly intended to punish," or that the restrictions are "excessive in relation to" a non-punitive purpose. *Jones*, 393 F.3d at 932 (quoting *Bell,* 441 U.S. at 538-39).

////

////

---

[1]  Petitioner seeks the same relief on his Fourth Amendment and Fifth Amendment claims. The court need not reach the Fourth Amendment argument because it finds that relief is warranted on his Fifth Amendment procedural due process claim.  *See Guilherme F.D. v. Chestnut*, No. 1:26-cv-0488-TLN-CKD, 2026 WL 472659, at *2 n.3 (E.D. Cal. Feb. 19, 2026) (declining to reach Fourth Amendment claim); *Valle Garcia v. Chestnut*, No. 1:25-cv-1907-JLT-CDB, 2026 WL 496944, at *9 (E.D. Cal. Feb. 23, 2026) (same); *see also Aguilar Calvillo v. Chestnut*, No. 1:26-cv-0569 DC CSK, 2026 WL 1091505 (E.D. Cal. Apr. 22, 2026) (finding sufficient basis to grant writ of habeas corpus on due process claim and denying Fourth Amendment claim).

Here, petitioner's allegations fail to demonstrate that he is subject to conditions amounting to punishment depriving him of his substantive due process rights.  He fails to allege, for example, what specific conditions he is subject to and how those are different from or the same as those experienced by persons in prison. *See* ECF Nos. 1, 6; *see, e.g.*, *Youngberg v. Romeo*, 457 U.S. 307, 311 (1982); *Jones*, 393 F.3d at 931. He fails to make any allegations as to respondents' purposes in electing the restrictions to which he is subject. *See* ECF Nos. 1, 6. He fails to make any showing that the conditions are intended to punish or, if not, that they are excessive relative to their purpose. *See* ECF Nos. 1, 6. In sum, to the extent petitioner's allegations are intended to encompass this legal claim, petitioner fails to show his entitlement to relief.

**2.  Prolonged Detention in Violation of Petitioner's Procedural Due Process Rights**

Petitioner also alleges that he has not received a bond hearing since his detention, which implicates his procedural due process rights under the Fifth Amendment. ECF No. 1 at ¶¶ 69, 70, 73; ECF No. 6 at 3-4.  In response, respondents argue that petitioner's detention is authorized by statute, viz., 8 U.S.C. § 1225(b), so as to reduce petitioner's liberty interest for due process purposes.  Respondent fails to show that this statutory section authorizes petitioner's detention so as to foreclose his claim that his due process rights have been violated, and the undersigned finds petitioner has shown his entitlement to relief on this claim.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  The Supreme Court has long held that noncitizen aliens present in the United States possess cognizable due process interests under the Fifth Amendment, relative to removal proceedings. *See Demore*, 538 U.S. at 523; *Zadvydas*, 533 U.S. at 693-94; *Reno v. Flores*, 507 U.S. 292, 306

4

(1993); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Here, petitioner has shown that, under the first *Mathews* factor, he possesses a significant liberty interest to which his due process rights attach. *See* ECF Nos. 1, 6. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Since petitioner's entry to the United States in 2024, he has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee, including full time employment, but his detention renders him unable to work to support himself or his family. *See* ECF No. 1 at ¶¶ 61, 75; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); *but see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*").

Respondents argue that, notwithstanding this, petitioner's mandatory detention under 8 U.S.C. § 1225(b), abrogates his liberty interest. The Supreme Court has recognized that specific provisions of federal immigration statutes may reduce a noncitizen's liberty interest, thereby circumscribing the process he or she is due under the Fifth Amendment relative to his or her removal from the United States. *See Demore v. Kim*, 538 U.S. 510, 527 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018). Here, however, respondents fail to demonstrate that petitioner's current detention is authorized under 8 U.S.C. § 1225(b). Respondents argue that petitioner is an "applicant for admission" within the meaning of § 1225(a), thus subjecting him to the mandatory detention provisions in § 1225(b). ECF No. 5 at 4-6; *id*. at 4 n.1. As this court has repeatedly held, however, 8 U.S.C. § 1225(b)(1)(A)(iii),[2] by its plain language and per its legislative history and implementing

---

[2] Respondents frame their argument as based generally on § 1225(b). ECF No. 5 at 4-6. In their analyses of similar arguments, courts usually reference the more specific subpart of the statute governing inspection of arriving persons, at § 1225(b)(1)(A)(iii).

regulations, cannot be properly read to provide for detention and removal of aliens who had been previously admitted then paroled in the United States.[3] *See Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *5 (E.D. Cal. Sept. 5, 2025); *see also Marcos B.D.S. v. Warden of Mesa Verde Det. Facility*, No. 1:25-CV-02032-TLN-CSK, 2026 WL 82344, at *3 (E.D. Cal. Jan. 12, 2026); *Duong v. Charles*, No. 1:25-CV-01375-SKO, 2025 WL 3187313, at *4 (E.D. Cal. Nov. 14, 2025).  That limitation squarely applies here; by respondents' own description, petitioner was previously admitted to the United States and released on his own recognizance in September 2024 until he was taken into custody on December 1, 2025.  ECF No. 5 at 1-2.  As such, respondents fail to show that petitioner is subject to the expedited removal proceedings codified at 8 U.S.C. § 1225(b), such that he has a lesser liberty interest implicated by his ongoing detention.

Petitioner has demonstrated that the second *Mathews* factor militates in his favor.  *See* ECF No. 1 at ¶¶ 71-75.  Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified if he poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  He asserts that he is neither.  ECF No. 1 at ¶¶ 71-73.  Without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk based on the particular facts of his case, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC),

---

[3] "[T]he phrase 'release on recognizance' [is] another name for 'conditional parole' under § 1226(a)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).

2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor militates in his favor.  *See* ECF No. 1 at ¶¶ 7274.  Respondents' interest in petitioner's detention is low.  *See Ortega*, 415 F. Supp. 3d at 970.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  Here, petitioner alleges that he has no criminal history and is not otherwise a danger to the community, which respondents do not dispute.  ECF No. 1 at ¶¶ 72-73; ECF No. 5; ECF No. 6.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al*., No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

For these reasons, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the due process clause of the Fifth Amendment.  Accordingly, the undersigned recommends the petition for writ of habeas corpus be granted.

### 3.  Violation of the Immigration and Nationality Act

Petitioner has shown by a preponderance of the evidence that his current detention is unlawful under the INA.  *See* ECF No. 1 ¶¶ 33-41, 55-62; ECF No. 6 at 2.  The thrust of petitioner's argument is that his detention pending removal proceedings is governed by 8 U.S.C. § 1226(a), by virtue of his having:  (1) resided inside the United States since 2024; (2) been released on his own recognizance after being apprehended by the CBP; and (3) obtained employment authorization and full-time work.  ECF No. 1 ¶¶ 55-61; ECF No. 6 at 2.

////

////

////

7

Respondents make several unpersuasive arguments why petitioner's detention is not governed by § 1226(a). Their central argument is that petitioner is not eligible for bond for the reasons set forth in *Matter of Yajure-Hurtado*.[4] ECF No. 5 at 5. Respondents argue that deeming petitioner ineligible for bond does not violate his procedural due process rights because he has not been admitted to the United States and is merely an applicant for admission. ECF No. 5 at 4. Such arguments have been analyzed and rejected by courts in this district. *See Otilio B.F. v. Andrews*, 809 F. Supp. 3d 1038, 1049-50 (E.D. Cal. 2025) (citations omitted). Here, as in *Otilio B.F.*, "petitioner is not actively 'seeking' 'lawful entry' because he already *entered* the United States – over twenty months ago. If anything, petitioner is seeking to *remain* in the United States." *Id*. at 1050 (emphasis in original). Moreover, "courts nationwide, including this one, have overwhelmingly rejected" the July 8, 2025 DHS Policy upon which *Yajure-Hurtado* relies. *Ernesto R.A.*, 2026 WL 218957, at *1. Respondents note that there are appeals pending in the Ninth Circuit Court regarding the effect and scope of the July 8, 2025 DHS Policy. ECF No. 6 at 4 n.1. Regardless of the outcome of those appeals, respondents fail to support their argument that 8 U.S.C. § 1225 applies to petitioner to limit his liberty interest implicated by his ongoing detention.

Respondents' argument is also unpersuasive because many courts have already construed the relevant statutes to require a bond hearing for persons in petitioner's circumstances. *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases). Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Respondents urge that "applicant for admission" and "an alien seeking

---

[4] *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 2025 WL 2674169 (BIA 2025) was in turn based on a DHS policy issued on July 8, 2025 (the "July 8, 2025 DHS Policy").

Courts have generally construed peremptory denials of bond based on *Yajure-Hurtado* as effectively denying a bond hearing, as distinguished from denying bond based on the merits presented at a hearing. *See, e.g.*, *Ernesto R.A. v. Cruz*, No. 1:26-cv-0138-TLN-EFB, 2026 WL 218957 (E.D. Cal. Jan. 28, 2026) (ordering respondents to conduct a bond hearing before a neutral decisionmaker, notwithstanding *Yajure-Hurtado*).

admission" both be interpreted to include persons like petitioner, who have resided in the United States for some time before they were taken into detention.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025); *see also Gomez v. Warden*, No. 2:26-CV-01003-DAD-DMC, 2026 WL 880012, at *2 (E.D. Cal. Mar. 31, 2026); *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-CV-00739-DAD-EFB, 2026 WL 679378, at *1 (E.D. Cal. Mar. 10, 2026); *Flores v. Cruz*, No. 1:26-CV-01038 DC SCR, 2026 WL 575545, at *4 (E.D. Cal. Mar. 2, 2026); *Ortiz v. Chestnut*, No. 1:26-CV-01167-DC-SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026); *Wasef v. Chestnut*, No. 1:26-CV-01078-DAD-JDP (HC), 2026 WL 392389, at *1 (E.D. Cal. Feb. 12, 2026); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *3 (E.D. Cal. Jan. 8, 2026); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025).  Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a).  *See generally Rodriguez*, 802 F. Supp. 3d at 1324-36.  As such, he is entitled to a custody redetermination hearing before an Immigration Judge at which he shall be released if he can show he is not a danger to the community or flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022); 8 C.F.R. §§ 236.1(d)(1), 1003.19.  By depriving petitioner of this opportunity, respondents have violated his statutory rights under the Immigration and Nationality Act.  *See, e.g.*, *Rodriguez*, 802 F. Supp. 3d at 1324-36; *Lepe*, 801 F. Supp. 3d 1104; *Lopez v. Cruz*, No. 1:26-CV-00514 DAD SCR, 2026 WL 392346, at *4 (E.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 1:26-CV-00514-DAD-SCR, 2026 WL 541942 (E.D. Cal. Feb. 26, 2026).  On this claim, therefore, petitioner has demonstrated his entitlement to habeas corpus relief and the undersigned recommends the writ be granted.

////

////

Respondents' remaining arguments are equally unavailing.  They argue as a matter of statutory construction that § 1225 should be construed more narrowly than § 1225(a), that § 1225 applies to petitioner's circumstances (an "applicant for admission") and that it therefore "governs over the general authority found at § 1226(a)." ECF No. 5 at 6.  This confusing argument mis-states the text of the statute.  The caption of § 1225 is:  "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing."  The caption does not contain the phrase "applicant for admission."  That phrase is instead found in the heading of subsection 1225(b) ("Inspection of applicants for admission").  To the extent respondents are attempting to point out that the heading of subsection 1225(b) might be more specific than the heading of subsection 1225(a) (simply, "Inspection"), the argument is a nonstarter, and it fails to persuade that § 1226(a) is not the governing statute.

Finally, respondents argue that neither § 1225 nor § 1226 distinguishes between arrests at the border versus arrests in the interior, and that the distinction is whether the person is an applicant for admission or not.  Respondents cite no authority for this argument, which seems to be essentially duplicative of their other arguments, and which fails for the same reasons.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1)    Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2)    Respondents be ORDERED to release petitioner immediately with the same conditions he was subject to immediately prior to his detention on December 1, 2025.

3)    Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner without a pre-deprivation bond hearing before a neutral adjudicator, who possesses authority to order release, at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days

10

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 11, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11