UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAVEEN LNU,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-02187-DC-EFB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF No. 7)

Petitioner proceeds in this petition for writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 11, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  Respondents have filed objections.  ECF No. 8.  In their objections, Respondents merely state that they object "[f]or the reasons set forth in Respondents' previous briefing." *Id.*  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must

1

provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 11, 2026 (ECF No. 7) are ADOPTED;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED;

3. Respondents SHALL IMMEDIATELY RELEASE Petitioner with the same conditions he was subject to immediately prior to his detention on December 1, 2025.

4. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner without a pre-deprivation bond hearing before a neutral adjudicator, who possesses authority to order release, at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required;

5. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

6. The Clerk of the Court is directed to serve a copy of this order on the California City

Detention Facility; and

7. The Clerk of the Court is directed to enter judgment in Petitioner's favor and close the case.

IT IS SO ORDERED.

Dated:    **May 29, 2026**

Dena Coggins
United States District Judge